UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM BREWSTER BROWNVILLE, | : CIVIL ACTION |
| | : NO. 3:14-CV-01472(WWE) |
| Plaintiffs, | : |
| | |
| VS. | : |
| | |
| | : |
| INDIAN MOUNTAIN SCHOOL, INC., | |
| Defendant, | : DECEMBER 1, 2014 |

## DEFENDANT INDIAN MOUNTAIN SCHOOL, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

**Jurisdiction and Venue**

1.    The allegations of Paragraph 1 are admitted.

2.    As to the allegations of Paragraph 2, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

3.    The allegations of Paragraph 3 are admitted.

4.    The allegations of Paragraph 4 are admitted.

5.    The allegations of Paragraph 5 are admitted.

6.    That portion of Paragraph 6 that alleges that the Complaint was timely filed pursuant to Connecticut General Statutes Section 52-577d is denied for the reason that the applicability of that statute to the present case is in dispute. The remaining allegations of that Paragraph are admitted.

7.    The allegations of Paragraph 7 are admitted.

8.    The allegations of Paragraph 8 are admitted.

**First Claim for Relief (Negligence)**

9.    The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are denied in that the school did not accept sole responsibility for any child's protection, safety and wellbeing under any and all circumstances. Likewise the school cannot admit, and therefore must deny, that it "assumed responsibility for, among other things, ..." without elaboration as to what "other things" are being alleged.

11. As to the allegations of Paragraph 11, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

12. The allegations of Paragraph 12 are denied in the precise terms alleged, although it is admitted that the school accepted the duty and responsibility to take all reasonable and appropriate measures "to keep the children in its care and custody safe from harm."

13. The allegations of Paragraph 13 are denied in the precise terms alleged, although it is admitted that the school owed "Brewster and the other minor children in its care and custody a duty" to take all reasonable and appropriate measures "to protect them from sexual abuse."

14. The allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 are admitted.

17. As to the allegations of Paragraph 17, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

18. As to the allegations of Paragraph 18, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

19. As to the allegations of Paragraph 19, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

20. As to the allegations of Paragraph 20, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. Notwithstanding, it is admitted that the plaintiff did live in the dorm room located in the headmaster's residence at some point during his years at the school.

21. The allegations of Paragraph 21 are denied in the terms as alleged. Notwithstanding, it is admitted that students rotated room assignments each semester, that one or more students resided in the headmaster's residence during various years, and that this was known throughout the school community.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are denied.

31. As to the allegations of Paragraph 31, it is admitted that Peter Carleton, as well as all other male faculty members, entered the boys' shower room in the school gym on occasion. The remaining allegations of that Paragraph are denied.

32. The allegations of Paragraph 32 are denied.

33. The allegations of Paragraph 33 are denied.

34. As to the allegations of Paragraph 34, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

35. As to the allegations of Paragraph 35, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

36. As to the allegations of Paragraph 36, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

37. As to the allegations of Paragraph 37, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

38. The allegations of Paragraph 38 are denied.

39. The allegations of Paragraph 39 are denied.

40. The allegations of Paragraph 40 are denied.

41. As to the allegations of Paragraph 41, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

42.     As to the allegations of Paragraph 42, it is admitted that Simonds was "a teacher at the school since approximately 1973" and that he remained at the school for approximately 12 years. It is also admitted that Simonds abused students while at the school. The defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, including whether Simonds molested and threatened the plaintiff.

43.     As to the allegations of Paragraph 43, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, including whether Simonds sexually assaulted, abused or threatened the plaintiff.

44.     As to the allegations of Paragraph 44, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

45.     The allegations of Paragraph 45 are denied in the precise terms alleged. It is admitted that in 1985, Peter Carleton and certain members of the Board of Trustees were informed that Simonds had sexually abused a student years before.

46.     The allegations of Paragraph 46 are denied.

47.     The allegations of Paragraph 47 are denied.

48.     The allegations of Paragraph 48 are admitted to the extent that "frequented" is interpreted to mean "went on occasion to."

49.     The allegations of Paragraph 49 are denied.

50.     The allegations of Paragraph 50 are denied in the terms as alleged. However, it is admitted that there were several meetings of members of the school's Board of Trustees in the spring of 1985, with different trustees and personnel attending each meeting. It is also admitted that the purpose of those meetings was to address the complaint of abuse that the school had received concerning Simonds.

51.     The allegations of Paragraph 51 are denied.

52.     The allegations of Paragraph 52 are denied.

53.     The allegations of Paragraph 53 are denied.

54.     As to the allegations of Paragraph 54, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

55.     As to the allegations of Paragraph 55, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

56.     The allegations of Paragraph 56 are denied.

57. The allegations of Paragraph 57 are denied.

58. The allegations of Paragraph 58 are denied.

59. The allegations of Paragraph 59 are denied.

60. The allegations of Paragraph 60 are denied.

61. The allegations of Paragraph 61 are denied.

62. The allegations of Paragraph 62 are denied.

63. The allegations of Paragraph 63 are denied.

64. The allegations of Paragraph 64 are denied.

65. The allegations of Paragraph 65 are denied.

66. The allegations of paragraph 66 are denied in the terms as alleged. However, the school was aware that were a student to be abused by a pedophile, there was a risk of grave harm.

67. The allegations of Paragraph 67 are denied except as they pertain to Christopher Simonds. As to Simonds, it is admitted that in the spring of 1985, Simonds was accused of having sexually abused a former student.

68. The allegations of Paragraph 68 are denied.

69. The allegations of Paragraph 69 are denied.

70. As to the allegations of Paragraph 70, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

71. As to the allegations of Paragraph 71, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

72. The allegations of Paragraph 72 are denied.

73. The allegations of Paragraph 73 are denied in the terms as alleged.

74. That portion of Paragraph 74 that alleges "Indian Mountain School's acts and omissions" caused the plaintiff's claimed situation is denied. As to the remaining allegations of Paragraph 74, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

75. As to the allegations of Paragraph 75, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

76. As to the allegations of Paragraph 76, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

77. As to the allegations of Paragraph 77, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

78. As to the allegations of Paragraph 78, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

79. As to the allegations of Paragraph 79, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

80. As to the allegations of Paragraph 80, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

81. The allegations of Paragraph 81 are denied.

82. As to the allegations of Paragraph 82, it is admitted that Indian Mountain School owed the plaintiff a duty of care. The remaining allegations of that Paragraph are denied.

**Second Claim for Relief (Recklessness)**

1. The defendant's answers to Paragraphs 1 through 82 of the First Claim are hereby incorporated and made the defendant's answers to Paragraph 1 of the plaintiff's Second Claim, as if fully set forth herein.

2. The allegations of Paragraph 2 are denied.

3. The allegations of Paragraph 3 are denied.

4. The allegations of Paragraph 4 are denied.

5. The allegations of Paragraph 5 are denied.

**Third Claim for Relief (Negligent Infliction of Emotional Distress)**

1. The defendant's answers to Paragraphs 1 through 82 of the First Claim are hereby incorporated and made the defendant's answers to Paragraph 1 of the plaintiff's Third Claim, as if fully set forth herein.

2.    The allegations of Paragraph 2 are denied.

3.    As to that portion of Paragraph 3 that alleges that the plaintiff suffered distress, the defendant lacks knowledge or information sufficient to form a belief about the truth of that allegation. The allegation that the distress "was foreseeable" is denied as the allegation does not specify to whom the claimed distress was purportedly foreseeable.

4.    As to the allegations of Paragraph 4, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

5.    The allegations of Paragraph 5 are denied

**Fourth Claim for Relief (Intentional Infliction of Emotional Distress)**

1.    The defendant's answers to Paragraphs 1 through 82 of the First Claim are hereby incorporated and made the defendant's answers to Paragraph 1 of the plaintiff's Fourth Claim, as if fully set forth herein.

2.    The allegations of Paragraph 2 are denied.

3.    The allegations of Paragraph 3 are denied.

4.    The allegations of Paragraph 3 are denied.

5.    As to the allegations of Paragraph 5, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**Fifth Claim for Relief (Breach of Fiduciary Duty)**

1.    The defendant's answers to Paragraphs 1 through 82 of the First Claim are hereby incorporated and made the defendant's answers to Paragraph 1 of the plaintiff's Fifth Claim, as if fully set forth herein.

2.    As to the allegations of Paragraph 2, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

3.    The allegations of Paragraph 3 are denied.

4.    As to the allegations of Paragraph 4, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

5.    The allegations of Paragraph 5 are denied.

## AFFIRMATIVE DEFENSES

**Introduction:**

At this early stage in the litigation -- when the defendant is faced with the plaintiff's allegations of events that took place 30 years ago, including allegations against individuals who are no longer alive -- it is difficult to assess what happened and who is responsible. Among the unknowns is what, if any, role the plaintiff played in bringing about the claimed events or his resulting claimed injuries and damages. However, in that the defendant must – pursuant to law and the rules of court -- either assert allegations of the plaintiff's own responsibility at this time, or else forever lose the right to do so, prudence calls for the former approach.

### Affirmative Defense to all Claims for Relief

The plaintiff's claims are barred by the applicable statutes of limitations (C.G.S. Sections 52-577 and 52-584).

### Affirmative Defense to First, Second and Third Claims for Relief

The plaintiff's claimed injuries and damages, to the extent that they are proved to exist, may have been caused by his own negligence and/or recklessness. Should the evidence demonstrate this, the plaintiff's recovery would be barred.

### Affirmative Defense to Fifth Claim for Relief

The plaintiff's claimed injuries and damages, to the extent that they are proved to exist, may have been caused by his own willful misconduct. Should the evidence demonstrate this, the plaintiff's recovery would be barred.

DEFENDANT,
INDIAN MOUNTAIN
SCHOOL, INC.


By: /s/ Mark T. Altermatt
    Mark T. Altermatt
    Fed Bar No.: ct08920
    David G. Hill & Associates, LLC
    180 Glastonbury Blvd, Suite 202
    Glastonbury, CT   06033
    860-657-1012/Fax 860-657-9264
    maltermatt@dhill-law.com


## CERTIFICATION

    This is to certify that on this 1st day of December, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


    /s/ Mark T. Altermatt
    Mark T. Altermatt

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM BREWSTER BROWNVILLE, | : CIVIL ACTION |
| | : NO. 3:14-CV-01472(WWE) |
| Plaintiffs, | : |
| | : |
| VS. | : |
| | : |
| | : |
| INDIAN MOUNTAIN SCHOOL, INC., | |
| Defendant, | : DECEMBER 1, 2014 |

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. Rule 38, the defendant in the above-captioned matter hereby demands a trial by jury on all issues.

DEFENDANT,
INDIAN MOUNTAIN
SCHOOL, INC.

By: /s/ Mark T. Altermatt
Mark T. Altermatt
Fed Bar No.: ct08920
David G. Hill & Associates, LLC
180 Glastonbury Blvd, Suite 202
Glastonbury, CT   06033
860-657-1012/Fax 860-657-9264
maltermatt@dhill-law.com

## **CERTIFICATION**

      This is to certify that on this 1st day of December, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                        /s/ Mark T. Altermatt  
                        Mark T. Altermatt